IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-00893-PAB-KAS

KAYLEIGH HANSEN,

Plaintiff,

v.

USAA CASUALTY INSURANCE COMPANY,

Defendant.

---

**ORDER**

---

This matter comes before the Court on USAA Casualty Insurance Company's Motion for Partial Judgment on the Pleadings [Docket No. 49], pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff filed a response. Docket No. 54. USAA Casualty Insurance Company ("USAA") filed a reply. Docket No. 61. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND[1]

On October 13, 2021, plaintiff was involved in a motor vehicle crash with Kari Schulze. Docket No. 44 at 3, ¶ 6. Ms. Schulze caused the accident and was underinsured. *Id.*, ¶¶ 7, 16. Plaintiff was driving her sister's vehicle at the time of the collision. *Id.*, ¶ 10. Plaintiff's sister had an auto policy ("the policy") with USAA. *Id.*, ¶ 9. Plaintiff was insured by the policy for any benefits covered due to the collision, subject

---

[1] The following facts are taken from plaintiff's amended complaint, Docket No. 44, and presumed to be true for purposes of ruling on USAA's motion for judgment on the pleadings.

to the policy's terms, conditions, and exclusions. *Id.*, ¶ 11. The policy includes underinsured motorist ("UM") coverage of $1,000,000 and medical payment coverage of $5,000. *Id.*, ¶ 12.

Plaintiff reported injuries from the collision, including both of her wrists, low back, and knees, to USAA. *Id.*, ¶ 8. USAA paid $102,683.55 in UM benefits to plaintiff under the policy for economic losses incurred through approximately October 2022. *Id.*, ¶ 13. USAA paid $5,000 in MedPay benefits to plaintiff under the policy. *Id.*, ¶ 14.

Plaintiff had a difficult recovery requiring more treatment. *Id.* at 4, ¶ 17. USAA has documentation that plaintiff's lost earnings, earning capacity, and future treatment needs, as a result of the collision, exceed $3 million. *Id.*, ¶ 18. Plaintiff has not returned to full-time work and has lost earnings dating back to March 2022. *Id.*, ¶ 27.

On November 28, 2022, USAA informed plaintiff that it would not pay future benefits until plaintiff obtained a letter from her treating physician. *Id.* at 8, ¶ 70. Plaintiff provided the letter, but USAA did not pay further benefits. *Id.*, ¶ 71. USAA told plaintiff that she was required to settle the claim,[2] meaning plaintiff would have to waive all remaining benefits and coverage available to her, and agree to release USAA from all extra-contractual, or other possible claims, as a condition of payment of $150,000 in UM benefits, inclusive of the amounts already paid. *Id.*, ¶ 72.

USAA reimbursed lost earnings and medical benefits until December 2022. *Id.* at 4, ¶ 28. On multiple occasions between December 2022 and August 18, 2025, plaintiff requested that USAA pay UM benefits up to the policy limit of $1,000,000. *Id.*, ¶ 29.

---

[2] The complaint does not explain what claim this refers to, but presumably it is a reference to plaintiff's claim against the tortfeasor.

Plaintiff reported her injury to USAA and provided USAA with comprehensive medical releases. *Id.* at 5, ¶ 35. Plaintiff provided opinions from her treating provider that concluded plaintiff's financial harms and losses were in excess of the $1,000,000 policy limits. *Id.*, ¶ 39. USAA continued to deny plaintiff's demand for UM benefits. *Id.*, ¶ 41. Plaintiff attempted for two more years to convince USAA that its calculation of benefits was unreasonably low. *Id.* at 7, ¶ 56. USAA did not pay or offer to pay additional benefits from November 28, 2022 until August 18, 2025. *Id.* at 8, ¶ 73.

On August 6, 2024, plaintiff filed suit against the tortfeasor in the District Court for Larimer County, Colorado. *Id.* at 9, ¶ 83. On October 4, 2024, the Larimer County District Court entered default against the tortfeasor. *Id.*, ¶ 85. Plaintiff requested a damages hearing. *Id.*, ¶ 86. On November 19, 2024, at a hearing to schedule the damages hearing, USAA appeared and indicated that it had been monitoring the suit against the tortfeasor. *Id.*, ¶ 87. The damages hearing was scheduled for March 19, 2025. *Id.* at 10, ¶ 89.

On January 2, 2025, USAA filed a motion to intervene and participate in the damages hearing. *Id.*, ¶ 91. USAA also filed a motion to continue the hearing. *Id.*, ¶ 93. On February 14, 2025, the court denied USAA's motions because USAA failed to timely seek intervention and failed to file anything that supported defenses relevant to the damages hearing. *Id.*, ¶ 96. The damages hearing was rescheduled for April 17, 2025. *Id.*, ¶ 98. On April 1, 2025, USAA filed a second motion to intervene. *Id.*, ¶ 100. The court again denied USAA's motion, finding that the motion was untimely and failed to adequately plead USAA's defenses. *Id.*, ¶ 102.

On July 19, 2025, the Larimer County District Court entered an order for entry of default judgment. *Id.* at 11, ¶ 105. The court found that plaintiff was entitled to recover the following damages from the tortfeasor:

- Economic losses: $973,561.52
- Noneconomic losses: $375,290
- Physical Impairment/disfigurement damages: $300,000

*Id.*, ¶ 106. As of August 14, 2025, with post-judgment interest, plaintiff is entitled to recover $2,243,135.13 from the tortfeasor. *Id.*, ¶ 107. After the Larimer County District Court issued its findings, USAA issued plaintiff a check for the remainder of the $1,000,000 UM policy limit.[3]

## II. LEGAL STANDARD

The Court reviews a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) much as it does a motion to dismiss pursuant to Rule 12(b)(6). *See Adams v. Jones*, 577 F. App'x 778, 781–82 (10th Cir. 2014) (unpublished) ("We review a district court's grant of a motion for judgment on the pleadings de novo, using the same standard that applies to a Rule 12(b)(6) motion.") (quoting *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds by Magnus, Inc. v. Diamond St. Ins. Co.*, 545 F. App'x 750, 753 (10th Cir. 2013) (unpublished)). The Court must "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Id*. at 782. To prevail, the moving party must show that "no material issue of

[3] This fact is not asserted in the amended complaint; however, plaintiff does not contest that USAA ultimately paid her UM policy limit. *See* Docket No. 54 at 8.

fact remains to be resolved and the party is entitled to judgment as a matter of law." *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000).

A "motion for a judgment on the pleadings [only] has utility principally when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1367 (3d ed.); *see also Park Univ. Enters.*, 442 F.3d at 1244 ("Judgment on the pleadings should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." (internal quotation and citation omitted)). A party may raise arguments that could be made in a motion under Rule 12(b)(6) in a motion brought under Rule 12(c). Fed. R. Civ. P. 12(h)(2).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC. v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzalez*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (internal quotations, alterations, and citation omitted). However, a plaintiff must

provide "supporting factual averments" with his allegations. *Cory v. Allstate Insurance*, 583 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)). Otherwise, the Court need not accept conclusory allegations. *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("we are not bound by conclusory allegations, unwarranted inferences, or legal conclusions").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alteration marks omitted).

## III. ANALYSIS

Plaintiff brings claims for (1) breach of contract; (2) common law bad faith breach of insurance contract; and (3) statutory bad faith breach of insurance contract pursuant to Colo. Rev. Stat. §§ 10-3-1115(1)(A) and 10-3-1116(1). Docket No. 44 at 19-22. USAA moves under Rule 12(c) for partial judgment on the pleadings on plaintiff's claim

for breach of contract and on that portion of plaintiff's bad-faith claims predicated on attorney litigation conduct. Docket No. 49 at 1.

### A. **Breach of Contract**

USAA argues that plaintiff's breach of contract claim fails because USAA paid the UM policy limits. *See id*. at 5-7. USAA contends that, because it paid the policy limits and because plaintiff does not allege "any other failure to perform a contractual obligation," there is no basis for plaintiff's claim. *See id*. at 7. USAA also argues that plaintiff "cannot bring a breach-of-contract claim and seek contract damages based on alleged violation of the implied duty of good faith and [fair] dealing" because that is a "separate claim" under Colorado law. *See id.*

Plaintiff responds that, as part of her breach of contract claim, she seeks interest under Colo. Rev. Stat. § 5-12-102, which has not been paid. *See* Docket No. 54 at 5, 6-7. She also argues that, while the policy did not "specify a time when Defendant was obligated to pay benefits, . . . the law required a prompt, fair and adequate investigation based upon all available information that included seeking support for Plaintiff's claimed benefits." *Id.* at 5. Plaintiff argues that the "failure to perform contractual obligations within a reasonable time is a breach of contract." *Id.*

An insurer's payment of UM policy limits means that there is no breach of contract claim. *See Frias v. Auto-Owners Ins. Co.,* No. 19-cv-0903-WJM-SKC, 2021 WL 3931218, at *5 (D. Colo. Sept. 2, 2021); *Stamey v. Nat'l Gen. Ins. Co.*, No. 15-cv-0560-WJM-MJW, 2016 WL 8540310, at *2 (D. Colo. Sept. 22, 2016) ("Because Defendant has already paid the full amount of Plaintiff's UIM coverage, there is no remaining claim for breach of contract."); *Galinkin v. Safeco Ins. Co. of Am.*, No. 21-cv-

02855-REB-SKC, 2022 WL 18777079, at *4 n.9 (D. Colo. Dec. 21, 2022) ("Payment of the full amount of the benefits due under the contract essentially moots plaintiffs' claim for breach of contract.") (applying Colorado law); *Easton v. Encompass Indem. Co.*, No. 18-cv-02563-STV, 2021 WL 7542563, at *5 (D. Colo. Aug. 31, 2021) ("Payment of a policy limit negates breach of contract.") (applying Colorado law). While plaintiff can seek different categories of damages under her bad faith claims, she cannot do so under her breach of contract claim.

Plaintiff has not pointed to any policy provision pursuant to which USAA failed to perform. While plaintiff argues that she has a right to interest for late payment, she does not identify any policy provision that entitles her to such a payment. Instead, she relies on statutory law. *See* Docket No. 54 at 6-7. As plaintiff acknowledges, the policy "did not specify a time when Defendant was obligated to pay benefits." *Id.* at 5. Therefore, there is no late payment provision that USAA could have violated. Because plaintiff has "not pointed to other provisions in the Policy under which [she] may be owed money or under which Defendant failed to perform," she cannot bring a breach of contract claim. *See Easton*, 2021 WL 7542563, at *5.

Accordingly, the Court will grant USAA's motion for judgment on the pleading as to plaintiff's breach of contract claim.

### B. Bad Faith Claims and Litigation Conduct

USAA argues that plaintiff, for purposes of her bad faith claims, cannot rely on USAA's litigation conduct, namely, its attempts to intervene in the Larimer District Court default judgment proceedings, as evidence of USAA's bad faith. *See* Docket No. 49 at 8. USAA states that "Colorado law recognizes the interest of an insurer to participate in

tort litigation involving its insureds and an uninsured or underinsured motorist." *Id.* USAA argues that "evidence of an attorney's post-filing litigation conduct may be admitted if the risks of unfair prejudice, confusion of the issues, or misleading the jury, and considerations of undue delay, waste of time, or the presentation of unnecessary cumulative evidence are substantially outweighed by the probative value of the evidence." *Id.* at 10 (quoting *Parsons ex rel. Parsons v. Allstate Ins. Co.*, 165 P.3d 809, 818 (Colo. App. 2006)).

Plaintiff responds that USAA's litigation conduct is proper evidence because her "allegations are that Defendant's litigation conduct was a continuation of its bad faith conduct occurring before litigation, and the UM benefits were not paid until almost nine months after this litigation was filed." Docket No. 54 at 10. Plaintiff argues that "[a]n insurer's continuation of its prelitigation bad faith conduct [through] litigation is not attorney litigation conduct." *Id.* Plaintiff also argues that USAA's motion is not properly resolved pursuant to Rule 12(c). *See id.* at 14-15.

An insurer's conduct after the commencement of adversarial proceedings can be admissible and relevant to an insurer's duty of good faith, provided the proponent of such evidence makes a sufficient showing of relevance. *Rabin v. Fidelity Nat'l Property & Cas. Ins. Co.*, 863 F. Supp. 2d 1107, 1116 (D. Colo. 2012). Conduct after the filing of a complaint is relevant if it is "'a continuation of the same difficulties that preceded the filing of the complaint' and [is] relevant as evidence of a pattern of defendant's bad faith dealings with the plaintiff." *Dale v. Guaranty Nat'l Ins. Co.*, 948 P.2d 545, 552 (Colo. 1997) (quoting *Southerland v. Argonaut Ins. Co.*, 794 P.2d 1102, 1106 (Colo. App. 1990)).

However, where a plaintiff seeks to introduce evidence of the insurer's conduct, plaintiff must make a specific showing of "extraordinary facts." *Parsons*, 165 P.3d at 819; *see, e.g.*, *Tait ex rel. v. Hartford Underwriters Ins. Co.*, 49 P.3d 337, 343 (Colo App. 2001) (holding that trial court properly considered defendant's litigation tactics when calculating exemplary damages). In order to be admissible, evidence of litigation conduct must pass the Rule 403 balancing test, with particular scrutiny placed on the proponent's showing of probative value. *See Parsons*, 165 P.3d at 819. In the context of bad faith claims, where the focus is "the insurer's knowledge and belief during the time the claim is being reviewed, . . . the relevance of litigation conduct is severely diminished." *Timberlake Constr. Co v. U.S. Fidelity and Guar. Co.*, 71 F.3d 335, 340 (10th Cir. 1995) (internal quotation marks omitted) (applying Oklahoma law and holding that trial court erred in admitting evidence of a post-litigation letter from insurer's counsel to insurer's adjuster, evidence that insurer filed a counterclaim, and evidence that insurer moved to join necessary party). As such, although an insurer's litigation conduct may be admissible in rare instances, "such evidence will generally be inadmissible, as it lacks probative value and carries a high risk of prejudice." *Id.* at 341; *see, e.g.*, *Rabin*, 863 F. Supp. 2d at 1117-1118 (excluding evidence of an insurer's attempt to assert counterclaims upon a finding that such evidence was "more benign and less probative of bad faith and a section 1116 violation").

Given that the admissibility of USAA's litigation conduct will be subject to a Rule 403 balancing test, pursuant to which plaintiff must make a showing of extraordinary facts, *see Parsons*, 165 P.3d at 818, the Court finds that it is premature to consider USAA's Rule 12(c) motion. Rather, USAA's motion is more properly resolved pursuant

to a motion in limine. *Cf. Lucia Fam. Tr. v. Am. Fam. Mut. Ins. Co., S.I.*, No. 23-cv-02156-NYW-TPO, 2025 WL 2732882, at *9 (D. Colo. Sept. 25, 2025) (reserving for trial issues of defendant insurer's post-litigation conduct). Accordingly, the Court will deny without prejudice that portion of USAA's motion that seeks to exclude evidence of litigation conduct.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that USAA Casualty Insurance Company's Motion for Partial Judgment on the Pleadings [Docket No. 49] is **GRANTED in part and DENIED in part**. It is further

**ORDERED** that Claim One, plaintiff's breach of contract claim, is **DISMISSED with prejudice**.

DATED September 21, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge